IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| SUSAN ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE TRANSPORTATION COMPANY, <br><br> Defendant. | CASE NO. 1:20 – cv-00025 <br><br> **AMENDED PETITION** |
|---|---|

COMES NOW, Plaintiff, Susan Adams ("Adams") and hereby states and alleges the following:

## PARTIES, JURISDICTION AND VENUE

1. Adams is a resident of Oakland, Pottawattamie County, Iowa.
2. Defendant is a business incorporated in the State of Minnesota with its primary facility in Rochester, Minnesota. Defendant, at all times relevant herein, was doing business in Pottawattamie County, Iowa.
3. This is an action seeking redress for the violation of the rights guaranteed Plaintiff by the Fair Labor Standards Act, 29 USC Sect. 201, et. seq., Title VII of the Federal Civil Rights Act, and the Iowa Wage Payment Collection Act, Iowa Code Sect. 91A.5 et. seq. and for breach of contract.
4. This Court has original jurisdiction of all claims in this matter.
5. Venue is proper in this Court pursuant to 28 USC Sec. 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in Pottawattamie County, Iowa.

## FACTUAL ALLEGATIONS

6. Adams was an employee of Defendant. Her work with Defendant was conducted in Oakland, Pottawattamie County, Iowa.
7. Adams worked as a dispatcher, working with her husband, Ron Adams, and managerial staff in Rochester, Minnesota.

8. While working for Defendant for the past three years, Adams was given a laptop which allowed her to work from home outside of the normal work week. On average, Adams worked 2-3 hours during each weekday evening and anywhere between 4-6 additional hours over the weekends. These hours were in addition to her regular 40-hour workweek.

9. Adams has not been paid overtime for such hours in excess of 40 hours a week.

10. Adams was terminated on January 27, 2020. At the time her employment was terminated Defendant owed Adams $1,882.30 for business related expenses. Defendant also owed Adams $1,211.54 for unpaid vacation pay. Defendant has refused to pay such expenses and vacation pay.

## FIRST CAUSE OF ACTION - IOWA WAGE PAYMENT COLLECTION ACT

11. Plaintiff incorporates paragraphs 1 through 10 as if fully set forth herein.

12. Defendant has failed to pay Adams for time worked as alleged above. Further, Defendant has failed to pay business related expenses and unused vacation.

13. Such unpaid hours, unpaid business expenses and unused vacation pay are wages under the Iowa Wage Payment Collection. Such failure to pay the above is a violation of the Iowa Wage Payment Collection Act.

## SECOND CAUSE OF ACTION - FLSA

14. Adams incorporates paragraphs 1 through 13 as if fully set forth herein.

15. Defendant's unlawful failure to pay Adams and it mischaracterizing her position as an exempt position is a violation of the Fair Labor Standards Act, 29 USC Sect. 201, et. seq.

16. As a result, Adams is entitled to all unpaid overtime for the past three years. Since Defendants acted willfully, Adams is entitled to unpaid overtime for three years prior to the filing of this complaint and is entitled to liquidated damages and attorneys' fees.

## THIRD CAUSE OF ACTION - AGE DISCRIMINATION

17. Adams restates and realleges paragraphs 1 through 16 above as if fully set forth herein.

18. Adams was discriminated against as set forth above because of her age, in violation of Iowa Civil Rights Act of 1965 and the Federal Age Discrimination in Employment Act.

19. At the time of Defendant's adverse employment actions, Adams was 60 years old.

20. Adams had 22 years of experience and was highly qualified for her position at Defendant.

21. Adams was less than other dispatchers at Defendant because of her age.

22. Adams has been damaged as a direct and proximate cause of Defendant's discrimination, suffering lost wages, lost fringe and plan benefits, emotional and physical distress, loss of enjoyment of life and substantial inconvenience in an amount to be determined at trial.

23. Defendant's actions were willful entitling Adams to a like sum of money to compensate her for willful age discrimination.

24. Insofar as the Defendant's conduct was (and is) willful and/or reckless, punitive damages are appropriate.

## FOURTH CAUSE OF ACTION - SEX DISCRIMINATION IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT AND TITLE VII

25. Adams restates and re-alleges the allegations of Paragraphs 1 through 24.

26. In violation of Iowa Code Ann. § 216.6 of the Iowa Civil Rights Act and Title VII of the Civil Rights Act of 1964, Adams was discriminated against based on her sex.

27. Adams was paid less than male dispatchers and others in similar roles at Defendant because of her sex.

28. Defendant's actions were willful entitling Adams to a like sum of money to compensate her for willful sex discrimination.

28. Insofar as the Defendant's conduct was (and is) willful and/or reckless, punitive damages are appropriate.

## FIFTH CAUSE OF ACTION – SEX DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

29   Adams restates and re-alleges the allegations of Paragraphs 1 through 28.

30. In violation of Section 206(d) of the Equal Pay Act of 1963, Defendant discriminate against Adams based on her sex.

31. Adams was paid less than male dispatchers and others in similar roles at Defendant because of her sex.

32. Defendant's actions were willful entitling Adams to a like sum of money to compensate her for willful sex discrimination.

33. Insofar as the Defendant's conduct was (and is) willful and/or reckless, punitive damages are appropriate.

## SIXTH CAUSE OF ACTION - BREACH OF CONTRACT

34. Adams incorporates paragraphs 1 through 33 as if fully set forth herein.

35. Defendant failed to pay Adams for all time worked as agreed by the parties.

36. As a result, Defendant is liable to Adams for all unpaid wages as agreed between the parties.

## RELIEF REQUESTED

37. Plaintiff requests as follows:

    a. All unpaid wages, bonuses, leave and expenses as allowed under the Iowa Wage Payment Collection Act.

    b. All backpay as determined by the trier of fact

    c. Reinstatement to her previous position or, in the alternative, all front pay as determined by the Court.

    d. Compensatory damages as allowed.

    e. Any liquidated damages or punitive damages as allowed by law.

    f. Payment of attorney's fees and costs in this matter.

    g. Any and all other equitable and legal remedies allowed by law.

BY: /s/ Raymond R. Aranza
Raymond R. Aranza, AT0000554
Brad Entwistle, #AT0013754
Walentine O'Toole LLP
11240 Davenport Street
P. O. Box 540125
Omaha, Nebraska 68154
Phone: (402) 330-6300
Fax: (402) 330-6303
raranza@womglaw.com
bentwistle@womglaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2020 I electronically filed the above and foregoing Amended Petition with the Clerk of Court using CM/ECF system, which sent notice of such filings to the following:

John Ella
Craig Trepanier
310 Fourth Ave. S.
Minneapolis, MN 55415
jella@trepanierlaw.com
craig@trepanierlaw.com

/s/Raymond R. Aranza

4838-5116-7186, v. 1